IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARA CALDWELL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TOWNSHIP OF MIDDLETOWN | : | NO. 13-762 |

**MEMORANDUM**

**Padova, J.**                                                                                       **November 25, 2013**

Plaintiff Sara Caldwell has brought this action against Defendant, the Township of Middletown, seeking monetary damages for the loss of the use of property she owns in the Township, located at 18 North Pennell Road (the "Property"). The Township has moved to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. For the following reasons, the Motion is granted in part and denied in part.

**I.     BACKGROUND**

The Complaint alleges the following facts. On July 1, 2005, Plaintiff opened a business on the Property selling fashion beads and giving beading classes. (Compl. ¶ 3.) On July 21, 2008, without holding a prior hearing, the Township informed Plaintiff that she must stop all activity at the Property. (Id. ¶ 4.) On August 31, 2008, Plaintiff stopped conducting business at the Property and reopened her beading business at 1165 West Baltimore Pike, where she pays a monthly rent of $2,500.00. (Id. ¶ 5.)

Plaintiff subsequently asked the Township to reissue the Certificate of Occupancy for the Property that had been in existence before she established her business there. (Id. ¶ 6.) The Township Code Enforcement Officer denied Plaintiff's request on the ground that the Uniform Construction Code required Plaintiff to obtain a new Certificate of Occupancy, since there had

been a change of occupancy of the Property.  (Id. ¶ 7.)  Plaintiff appealed the decision of the Code Enforcement Officer to the Delaware County Uniform Construction Code Appeals Board (the "Board") pursuant to Township Ordinance 653, which had been enacted on May 24, 2004, and Township Resolution 2004-97, enacted on November 8, 2004, which designated the Board to hear all Uniform Construction Code appeals from decisions of the Township Code Enforcement Officer.  (Id. ¶¶ 8-9.)

On September 28, 2010, the Board sustained Plaintiff's appeal, finding that "the occupancy of the building has not changed and the [code] does not require a new Certificate of Occupancy."  (Id. ¶ 10, alteration in original, internal quotation omitted.)  The Township appealed that decision to the Court of Common Pleas of Delaware County.  (Id. ¶ 11.)  On May 13, 2011, the Court of Common Pleas dismissed the appeal, finding that the Township had violated the Uniform Construction Code by improperly and unlawfully designating the Board to hear appeals from decisions of the Township Code Enforcement Officer.  (Id. ¶ 12.)  The Township appealed that decision to the Pennsylvania Commonwealth Court, which affirmed on April 20, 2012, concluding that "'[t]he net effect of determining that the Board lacked jurisdiction to hear Caldwell's appeal is that the Township's denial of Caldwell's occupancy permit remains in place, and there is not a properly constituted Board of Appeals to hear her appeal.'"  (Id. ¶ 14 (quoting Middletown Twp. v. Cnty. of Delaware Uniform Constr. Code Bd. of Appeal, 42 A.3d 1196, 1202 (Pa. Commw. Ct. 2012).)

The Complaint asserts two claims for relief pursuant to 42 U.S.C. § 1983.  The First Claim for Relief alleges that the Township denied Plaintiff "a properly constituted Board to hear her appeal" thereby denying her due process of law in violation of the Fourteenth Amendment (the "procedural due process claim").  (Id. ¶ 17.)  The Second Claim for Relief asserts that the

Township's actions have denied Plaintiff the use of the Property since July 21, 2008, which constitutes a taking without compensation in violation of the just compensation clause of the Fifth Amendment (the "takings claim").  (Id. ¶¶ 21-22.)  The Township has moved to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     RULE 12(b)(1)

The Township argues that Plaintiff's procedural due process claim should be dismissed as moot pursuant to Rule 12(b)(1) because the Township now has a properly constituted Uniform Construction Code Board of Appeals.  "'Under Article III, section 2 of the U.S. Constitution, federal judicial power extends only to cases or controversies.  If a claim does not present a live case or controversy, the claim is moot, and a federal court lacks jurisdiction to hear it.'"  Mollett v. Leicth, 511 F. App'x 172, 173 (3d Cir. 2013) (quoting United States v. Virgin Islands, 363 F.3d 276, 284–85 (3d Cir. 2004)).

### A.     Legal Standard

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Rule 12(b)(1) "'may be treated as either a facial or factual challenge to the court's subject matter jurisdiction.'"  Minuti v. Internal Revenue Serv., 502 F. App'x 161, 162 (3d Cir. 2012) (quoting Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)).  The Township has indicated that it is asserting a facial challenge to our subject matter jurisdiction. (Def.'s Br. at 7-8.)  A court reviewing a facial attack "'must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'"  Nichole Med. Equip. & Supply, Inc. v. TriCenturion, Inc., 694 F.3d 340, 347 (3d Cir. 2012)

(quoting Gould Elecs., 220 F.3d at 176). The reviewing court may also consider matters of public record. See Medici v. Pocono Mountain Sch. Dist., Civ. A. No. 09-cv-2344, 2010 WL 1006917, at *2 (M.D. Pa. Mar. 16, 2010) (citing Hunter v. United States, Civ. A. No. 00-36, 2000 WL 1880257, at *3 (M.D. Pa. Dec. 15, 2000); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196-97 (3d Cir. 1993)); see also Jones v. Butler, Civ. A. No. 09-3128, 2009 WL 2461885, at *1 n.11 (E.D. Pa. Aug. 11, 2009) (citing Gould Elecs., 220 F.3d at 176-77). "'[T]he plaintiff must bear the burden of persuasion'" in connection with a motion to dismiss brought pursuant to Rule 12(b)(1). Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (quoting Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

B.  Discussion

The Township argues that Plaintiff's procedural due process claim is moot because it created its own Uniform Construction Code Board of Appeals via Township Ordinance 729 on May 24, 2012.[1] The Township, however, appears to misapprehend Plaintiff's procedural due process claim. The Complaint does not seek injunctive relief requiring the Township to create a properly constituted board of appeals. Rather, the Complaint seeks monetary damages to compensate Plaintiff for the violation of her due process rights. "Claims for damages are retrospective in nature -- they compensate for past harm. By definition, then, such claims cannot be moot, and [a] case is saved from mootness if a *viable* claim for damages exists." CMR D.N. Corp. v. City of Philadelphia, 703 F.3d 612, 622 (3d Cir. 2013) (alteration in original) (internal quotations omitted). Consequently, if the Complaint states a viable Section 1983 claim for

---

[1]The Township attached a copy of Ordinance No. 729 as Exhibit C to its Motion to Dismiss. We may consider Ordinance 729 in connection with the instant Motion because it is a public record. See Medici, 2010 WL 1006917, at *2.

damages for violation of Plaintiff's Fourteenth Amendment procedural due process rights, that claim is not moot. As we conclude, *infra*, that the First Claim for Relief states a viable Section 1983 claim for violation of Plaintiff's Fourteenth Amendment procedural due process rights, the Township's Motion to Dismiss is denied as to Defendant's argument that that we lack subject matter jurisdiction over the procedural due process claim.

### III.    RULE 12(b)(6)

The Complaint asserts claims for violation of Plaintiff's Fifth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote omitted) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)). Consequently, in order to state a claim for relief pursuant to § 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Id. (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999), and Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

The Township argues that the procedural due process claim fails as a matter of law because Pennsylvania has adequate judicial procedures for challenging administrative decisions. The Township also argues that the takings claim fails to state a claim upon which relief may be granted because Plaintiff did not exhaust her remedies under state law. The Township further argues that the Complaint's requests for declaratory judgments fail to state claims upon which relief may be granted because Plaintiff lacks standing to seek the requested declaratory judgments.

A. <u>Legal Standard</u>

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." <u>Mayer v. Belichick</u>, 605 F.3d 223, 230 (3d Cir. 2010) (citing <u>Pension Benefit Guar. Corp.</u>, 998 F.2d at 1196). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>DelRio-Mocci v. Connolly Props., Inc.</u>, 672 F.3d 241, 245 (3d Cir. 2012) (citing <u>Warren Gen. Hosp. v. Amgen Inc.</u>, 643 F.3d 77, 84 (3d Cir. 2011)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986) (cited with approval in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Twombly</u>, 550 U.S. at 555 (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" <u>Warren Gen. Hosp.</u>, 643 F.3d at 84 (quoting <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 556). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a

6

right to relief above the speculative level.'" West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

      B.      The Procedural Due Process Claim[2]

The Complaint's First Claim for Relief alleges that the Township "denied Plaintiff a properly constituted Board to hear her appeal" of the Township Code Enforcement Officer's decision denying her request that the Township reissue the previous Certificate of Occupancy for the Property. (Compl. ¶ 17.) The Complaint asserts that the Township's failure to provide Plaintiff with a properly constituted appeals board denied her the due process of law to which she is entitled under the Fourteenth Amendment. (Id.) The Township argues that Plaintiff's procedural due process claim should be dismissed because Plaintiff "had adequate judicial measures available to her to seek relief from the Township's decision." (Def.'s Br. at 12.)

The Fourteenth Amendment states in pertinent part that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. "Under the fourteenth amendment, a state may not authorize the deprivation of a protected liberty or property interest without providing a procedure in connection with that deprivation that meets the requirements of due process." Sample v. Diecks, 885 F.2d 1099, 1114 (3d Cir. 1989)

---

[2] Plaintiff suggests, in her "Brief Contra Motion to Dismiss" (Docket No. 7), that the Township also violated her substantive due process rights when it appealed the decision of the Board and asserts that the Complaint states a claim for violation of her substantive due process rights, as well as her procedural due process rights. (See Pl.'s Br. at 8-10.) However, the First Claim for Relief does not explicitly assert a claim that the Township violated Plaintiff's substantive due process rights by appealing the decisions of the Board. Indeed, although the Complaint asserts that that the Township denied Plaintiff due process under the Fourteenth Amendment by denying her "a properly constituted Board to hear her appeal" (Compl. ¶ 17), and seeks a declaration that the Township violated her Fourteenth Amendment procedural due process rights (id. at 6 ¶2), it does not mention her Fourteenth Amendment right to substantive due process. We conclude that the Complaint thus asserts only a claim for violation of Plaintiff's Fourteenth Amendment right to procedural due process and that it does not assert a claim for violation of her Fourteenth Amendment right to substantive due process.

(citations omitted).  In order to state a cognizable Section 1983 claim for violation of the right to procedural due process, a complaint "must allege that (1) [the plaintiff] was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to [the plaintiff] did not provide 'due process of law.'"  Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)).

The Complaint alleges that Plaintiff was deprived of her use of the Property as a result of the Township's denial of her request that the Certificate of Occupancy be reissued and the Township's failure to provide a properly constituted Board of Appeals to hear her appeal of the denial of her request.  "It is well established law that 'possessory interests in property invoke procedural due process protections.'"  Long v. Bristol Twp., Civ. A. No. 10-1069, 2012 WL 2864410, at *5 (E.D. Pa. July 11, 2012) (quoting Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir. 1998)).  Accordingly, we conclude that the Complaint plausibly alleges the first element of a Section 1983 claim for violation of the Fourteenth Amendment right to procedural due process.

The second element requires us to determine if the Complaint plausibly alleges that the procedures provided by the Township to remedy the deprivation of Plaintiff's property rights were constitutionally inadequate.  Id.  "Remedial procedures will be found to be constitutionally inadequate if 'they contain a defect so serious [as to] characterize the procedures as fundamentally unfair.'"  Long, 2012 WL 2864410, at *5 (alteration in original) (quoting Leonard v. Owen J. Roberts Sch. Dist., Civ. A. No. 08-2016, 2009 WL 603160, at *4 (E.D. Pa. Mar. 5, 2009)).  Thus, if the Complaint alleges "a lack of adequate procedures to protect [plaintiff's] constitutional interest at issue, then the inquiry is whether the government in fact has an established procedure in place that would remedy the infringement."  Id.

The Complaint alleges that the Township enacted Township Ordinance 653 on May 24, 2004. (Compl. ¶ 8.) Township Ordinance 653 adopted the Uniform Construction Code contained in 34 Pa. Code, Chapters 401-405. Middletown Twp., 42 A.3d at 1198.[3] The Uniform Construction Code requires a municipality adopting the Code to establish "a board -- consisting of architects, engineers, contractors or persons otherwise knowledgeable in building construction -- to hear appeals from decisions of the local code enforcement officer." Id. Delaware County created the Board as a county-wide board of appeals "[t]o assist municipalities with administration of the Code." Id. On November 8, 2004, by Resolution 2004-97, the Township designated the Board to hear all Uniform Construction Code appeals from decisions of the Township Code Enforcement Officer. (Compl. ¶ 9.)

The Complaint further alleges that Plaintiff followed the procedures provided by the Township by appealing the decision of the Township Code Enforcement Officer to the Board. (Id. ¶ 8.) See also Middletown Twp., 42 A.3d at 1199. The Board found in Plaintiff's favor. (Compl. ¶ 10.) The Township then appealed to the Court of Common Pleas of Delaware County, which dismissed the appeal because the Township had "improperly and unlawfully" designated the Board "to hear appeals from decisions of its Township Code Enforcement Officer." (Id. ¶¶ 11-12.) The Township appealed that decision to the Commonwealth Court, which affirmed, concluding that because the Board had been improperly designated by the Township to hear appeals, it lacked jurisdiction to hear Plaintiff's appeal, and "the Township's denial of [her] request for a Certificate of Occupancy [thus] remains in place, and there is not a properly

---

[3]Middletown Township. v. County of Delaware Uniform Construction Code Board of Appeal, 42 A.3d 1196 (Pa. Commw. Ct. 2012), is the decision of the Pennsylvania Commonwealth Court referred to in paragraph 14 of the Complaint. We may consider this decision in connection with the Motion to Dismiss as it is a document relied upon in the Complaint. See Mayer, 605 F.3d at 230. We may also take judicial notice of this decision as it is a "prior judicial opinion." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009).

constituted Board of Appeals to hear her appeal.'" (Id. ¶¶ 13-14 (quoting Middletown Twp., 42 A.3d at 1202).) The Commonwealth Court explained that, because the Township chose to enforce the Uniform Construction Code itself, it was required, under Section 501(c)(1) of the Uniform Construction Code Act (the "Act") to "establish its own board of appeals." Middleton Twp., 42 A.3d at 1200-01. Rather than establishing its own board of appeals pursuant to Section 501(c)(1) of the Act, however, the Township "entered into an agreement with the county to delegate that authority to the Board." Id. at 1201. However, Section 501 of the Act did not authorize "the Township to designate the Board to hear appeals for action it took regarding enforcement of the Code." Id. "[T]he Board was [thus] without jurisdiction to hear appeals from determinations made under the Act." Id. at 1202. We conclude, therefore, that the Complaint, together with the Commonwealth Court's opinion in Middletown Township, which Plaintiff cites and relies on in the Complaint (Compl. ¶ 14), alleges "a lack of adequate procedures to protect [Plaintiff's] property rights. See Long, 2012 WL 2864410, at *5

The Township, however, contends that there was an established procedure in place that Plaintiff could have utilized to remedy the alleged infringement of her property rights. Specifically, the Township asserts that Plaintiff could have argued the merits of her application for a Certificate of Occupancy to the Delaware County Court of Common Pleas and the Commonwealth Court, rather than arguing, as she did, that the Township's appeal should be dismissed either because the Township could not appeal a decision of its own Board or because the Township had improperly designated the Board to hear her appeal.[4] (Def.'s Br. at 10-12.)

---

[4]The Township also argues that, to the extent that Plaintiff's procedural due process claim arises from the Township's issuance of citations to Plaintiff regarding her use of the Property, that claim should be dismissed because she could have challenged those citations before a Magisterial District Judge. The Complaint, however, does not mention any such citations and Plaintiff does not mention such citations in her response to the Motion to Dismiss. We conclude,

However, it is plain that any such argument would have been futile given the Commonwealth Court's conclusion that the Board lacked jurisdiction to consider her appeal. Middletown Twp., 42 A.3d at 1198, 1200 n.4. The Commonwealth Court did not suggest that Plaintiff could have obtained relief from the Township Code Enforcement Officer's unfavorable decision from the Court of Common Pleas. To the contrary, the Commonwealth Court specifically stated that its decision left the "Township's denial of [Plaintiff's] occupancy permit . . . in place" and recognized that Plaintiff was thus left without "a properly constituted board of appeals to hear her appeal." Id. at 1202.

Furthermore, the parties agree that Plaintiff had no other procedures available to her to appeal the decision of the Township Code Enforcement Officer, as that decision was not appealable pursuant to the Local Agency Law, 2 Pa. Cons. Stat. §§ 752-53, and Plaintiff could not seek a writ of mandamus in the Court of Common Pleas to compel the Township Code Enforcement Officer to reissue the certificate of occupancy for the Property. (See Def.'s Supp. Mem. at 1-5; Pl.'s Reply to Order Dated 10/21/13 at 1-5.) Indeed, the Township insists that Plaintiff was required to utilize the procedures for appeal provided by the Township. (Def.'s Supp. Mem. at 5.) Consequently, the only procedure that Plaintiff had available to her to appeal the decision of the Township Code Enforcement Officer was an appeal to the Board. The Complaint alleges that Plaintiff followed this procedure, but was ultimately unable to obtain any remedy for the alleged deprivation of her property rights because there was no "properly constituted board of appeals to hear her appeal." (Compl. ¶ 14.) We conclude that the Complaint thus plausibly alleges that the procedures provided by the Township to remedy the

---

accordingly, that Plaintiff's procedural due process claim does not arise from the Township's issuance of citations to Plaintiff regarding her use of the Property and that the procedure available for challenging such citations has no relevance to Plaintiff's procedural due process claim.

alleged violation of Plaintiff's property rights were constitutionally inadequate. See Long, 2012 WL 2864410, at *5. We further conclude, accordingly, that the Complaint states a facially plausible Section 1983 claim for violation of Plaintiff's Fourteenth Amendment procedural due process rights. The Motion to Dismiss is, therefore, denied as to Plaintiff's First Claim for Relief.

      C.      The Takings Claim

The takings claim arises under the just compensation clause of the Fifth Amendment. (Compl. ¶ 22.) The just compensation clause of the Fifth Amendment, which has been made applicable to the states through the Fourteenth Amendment, provides that: "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V; Kelo v. City of New London, Conn., 545 U.S. 469, 472 (2005) (stating that the just compensation clause of the Fifth Amendment "is made applicable to the States by the Fourteenth Amendment" (citing Chicago, B. & Q.R. Co. v. Chicago, 166 U.S. 226 (1897))). The Township argues that Plaintiff's takings claim should be dismissed because the Complaint does not allege that she sought compensation through Pennsylvania's Eminent Domain Code prior to filing suit and, in fact, she did not utilize that procedure. In Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985), the Supreme Court held that "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Id. at 195. Pennsylvania's Eminent Domain Code "provides procedures according to which landowners may seek just compensation for alleged takings of their property." Long, 2012 WL 2864410, at *13 (citing Pa. Cons. Stat. Ann. §§ 308, 502, and 709;

12

Perano v. Twp. of Tilden, Civ. A. No. 09–754, 2010 WL 1462367, at *12 (E.D. Pa. Apr.12, 2010)).

The Complaint alleges that, by denying Plaintiff a reissued Certificate of Occupancy for the Property, the Township "has denied Plaintiff all use of her property since July 21, 2008," which constitutes a taking. (Compl. ¶¶ 19-21.) "'A de facto taking occurs when an entity clothed with the power of eminent domain has, by even a non-appropriative act or activity, substantially deprived an owner of the beneficial use and enjoyment of his property.'" Long, 2012 WL 2864410, at *13 (quoting Munoz v. City of Phila., Civ. A. No. 05–5318, 2006 WL 328346, at *5 (E.D. Pa. Feb. 10, 2006)). If a property owner alleges a de facto taking, he or she "may bring an action for inverse condemnation to obtain just compensation under the Code." Id. (footnote omitted). The Third Circuit has determined that the inverse condemnation procedures available under Pennsylvania's Eminent Domain Code constitute adequate process for a property owner to obtain just compensation for a de facto taking. See Chainey v. Street, 523 F.3d 200, 223 (3d Cir. 2008)

The Complaint alleges that Plaintiff "demanded compensation from the Defendant Township for its actions and the Township has denied said request." (Compl. ¶ 20.) However, the Complaint does not allege that Plaintiff utilized the procedures available to her pursuant to the Eminent Domain Code. We conclude, accordingly, that the Complaint does not plausibly allege that Plaintiff used the adequate procedures provided by the state to seek just compensation and was denied just compensation prior to filing suit, as required by Williamson County. See Williamson Cnty., 473 U.S. at 195. The Complaint thus fails to state a Fifth Amendment takings

claim upon which relief may be granted. The Motion to Dismiss is therefore granted as to Plaintiff's Second Claim for Relief.[5]

      D.     <u>Claims for Equitable Relief</u>

In addition to seeking monetary damages, the Complaint seeks relief in the form of a declaration that the Township's acts and practices violate Plaintiff's Fifth Amendment rights and a declaration that the Township's acts and practices violate Plaintiff's Fourteenth Amendment procedural due process rights. (Compl. at 5-6.) The Township asks that we dismiss these requests for declaratory relief because Plaintiff does not have standing to seek the requested relief. Since we have granted the Motion to Dismiss as to Plaintiff's claim that the Township violated her Fifth Amendment rights, we also grant the Motion as to Plaintiff's request for a declaration that the Township's acts and practices violated her Fifth Amendment rights.

---

[5] We note that Plaintiff did not respond to the Township's argument that her takings claim should be dismissed for failure to exhaust her remedies pursuant to Pennsylvania's Eminent Domain Code. Paragraph 24 of the Motion to Dismiss states that Plaintiff's Second Claim for Relief "for a taking pursuant [to] the Fifth Amendment of the United States Constitution fails as a matter of law because Plaintiff has failed to exhaust her remedies under Pennsylvania's Eminent Domain Code." (Def.'s Mot. ¶ 24.) In her Reply to the Motion to Dismiss, Plaintiff denies Paragraph 24 of the Motion as follows: "A property owner states a substantive due process claim where she alleges that the decision denying her the entire use of her property was arbitrarily reached." (Pl.'s Reply to Mot. to Dismiss ¶ 24.)

    It appears that Plaintiff has confused her takings claim with a substantive due process claim. Plaintiff's Second Claim for Relief states that the Township's "total denial of all use of the Plaintiff's property without compensation constitutes a violation of the just compensation clause of the 5th Amendment of the United States Constitution." (Compl. ¶ 22.) Plaintiff's Second Claim for Relief does not use the words "substantive," "due," or "process." We also note that the Second Claim for Relief asserts only a claim for violation of Plaintiff's rights under the Fifth Amendment. The due process clause of the Fifth Amendment applies only to federal officials. <u>Bergdoll v. City of York</u>, 515 F. App'x 165, 170 (3d Cir. 2013) (citing <u>Nguyen v. U.S. Catholic Conference</u>, 719 F.2d 52, 54 (3d Cir. 1983)). The Township is obviously not a federal entity. Thus, Plaintiff cannot bring a claim against the Township for violation of her Fifth Amendment right to substantive due process. We conclude that the Second Claim for Relief does not assert a claim for violation of Plaintiff's substantive due process rights under the Fifth Amendment.

The Township argues that we should dismiss Plaintiff's request for a declaration that it violated her Fourteenth Amendment procedural due process rights because the injury she claims to have suffered, denial of her request for a Certificate of Occupancy, would not be redressed by such a declaration. The Third Circuit has explained that:

> It is axiomatic that in order to invoke the powers of a federal court, the plaintiff must "show an injury to himself that is likely to be redressed by a favorable decision. Absent such a showing exercise of its power by a federal court would be gratuitous and thus inconsistent with the Art. III limitation."

Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987) (quoting Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38 (1976)). "To satisfy the standing and 'case or controversy' requirements of Article III, a party seeking a declaratory judgment 'must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'" Blakeney v. Marsico, 340 F. App'x 778, 780 (3d Cir. 2009) (quoting Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003)). The type of relief that a plaintiff seeks "is often critical in determining whether the plaintiff has standing. Thus, as numerous Supreme Court decisions illustrate, a given plaintiff may have standing to sue for damages yet lack standing to seek injunctive relief." Brown, 819 F.2d at 400 (listing cases). Therefore, while Plaintiff's allegations that she suffered from unconstitutional practices in the past "may be sufficient to establish standing to sue for damages, '[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief.'" Id. (quoting O'Shea v. Littleton, 414 U.S. 488, 495 (1974)). Plaintiff will have standing to obtain declaratory relief only if she can "establish a real and immediate threat that [she] would again be [the victim of the allegedly unconstitutional practice.]" Id. (second alteration in original) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983)). Consequently, even if the Township violated Plaintiff's rights in the past, as alleged in the

Complaint, she "is not entitled to a declaration to that effect." Blakeney, 340 F. App'x at 780 (citing Brown, 819 F.2d at 399-40).

The Complaint does not allege that the Township will continue to violate Plaintiff's Fourteenth Amendment right to procedural due process by maintaining its reliance on the Board to handle Uniform Construction Code Appeals. Indeed, as we have previously noted, supra at 4, the Township created its own Uniform Construction Code Board of Appeals via Township Ordinance 729 on May 24, 2012. Consequently, we conclude that the Complaint does not allege that Plaintiff faces "a real and immediate threat that [she] would again" suffer a violation of her procedural due process rights. Brown, 819 F.2d at 400 (internal quotation omitted). We further conclude that the Complaint does not allege sufficient facts to establish a facially plausible request for declaratory relief in connection with Plaintiff's claim that the Township violated her Fourteenth Amendment right to procedural due process. The Motion to Dismiss is therefore granted as to Plaintiff's request for a declaration that the Township's acts and practices violate her Fourteenth Amendment right to procedural due process.

## IV. CONCLUSION

For the reasons stated above, the Township's Motion to Dismiss is granted as to Plaintiff's Second Claim for Relief and Plaintiff's requests for declarations that the Township's acts and practices violate her Fifth Amendment rights and her Fourteenth Amendment right to procedural due process. The Motion is denied as to Plaintiff's First Claim for Relief. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.